UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FREDERICK BANKS,                    :
                                    :
         Petitioner,                :   Civ. No. 21-16569 (NLH)
                                    :
    v.                              :   OPINION
                                    :
                                    :
                                    :
DAVID E. ORTIZ,                     :
                                    :
         Respondent.                :
_____ :

APPEARANCE:

Frederick Banks
05711-068
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Frederick Banks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.

Filing Fee

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

    Here, Petitioner's in forma pauperis application is incomplete as he did not submit an account statement.  The Court shall instruct the Clerk to send Petitioner a blank in forma pauperis form for Petitioner's completion and return.  If prison officials refuse to certify Petitioner's account statement, as he alleges in his letter, he shall complete the form to the best of his ability and return it to the Court.  He must also include an affidavit containing the dates of his request for account certification and the names of any prison officials who refused to certify the statement.

Conclusion

    For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without

2

prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00 or submitting a complete in forma pauperis application.

An appropriate Order will be entered.

Dated: September 21, 2021          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).